FILED'07 AUG 30 15:49USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,　　　　　　　　04-CR-246-BR

　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

v.

CHARLES PAUL SOROKA,

　　　　Defendant.


KARIN J. IMMERGUT
United States Attorney
SCOTT ERIC ASPHAUG
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

　　　　Attorneys for Plaintiff

STEVEN T. WAX
Federal Public Defender
STEPHEN R. SADY
Chief Deputy Federal Defender
101 SW Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

　　　　Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the government's Motion to Amend Judgment (#20). For the reasons that follow, the Court **DENIES** the government's Motion.

## BACKGROUND

On June 16, 2004, Defendant Charles Paul Soroka pled guilty to three counts of Bank Robbery in violation of 18 U.S.C. § 2113(a). On September 8, 2004, the Court sentenced Soroka to 63 months imprisonment and a three-year term of supervised release. The Court also ordered Soroka to pay $7,980 in restitution pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664, but the Court did not provide for a manner or schedule of restitution payments to be made during incarceration.

On June 16, 2006, Soroka filed a Habeas Petition pursuant to 28 U.S.C. § 2241 in which he challenged the authority of the Bureau of Prisons (BOP) to set a schedule of restitution payments while he is incarcerated. Specifically, Soroka asserted pursuant to *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*), only the Court has the authority to set a schedule of restitution payments while an inmate is in prison and that authority cannot be delegated to the BOP. Soroka did not challenge the constituticnality of the MVRA or BOP's authority

2 - OPINION AND ORDER

generally to use the Inmate Financial Responsibility Program (IFRP) to collect restitution.

On December 5, 2006, the Court issued an Opinion and Order granting Soroka's § 2241 Petition and ordering the BOP (1) to vacate its decision to place Soroka in "IFRP Refuse" status, (2) to vacate all sanctions imposed by the BOP against Soroka, and (3) to restore Soroka to the position he would have been in "but for" BOP's decision to place him in "IFRP Refuse" status. The Court reasoned the BOP's action in setting a schedule of restitution payments for Soroka under the IFRP was unlawful because the sentencing court did not establish a specific schedule of restitution payments to be collected by the BOP while Soroka was serving his prison sentence.  Accordingly, the Court concluded the imposition of sanctions against Soroka for his failure to acquiesce to the BOP's IFRP restitution payment schedule was not in accordance with law.

Pursuant to the decision of the Honorable Malcolm F. Marsh, the BOP stopped collecting payments from Soroka and designated him as IFRP exempt.

On June 8, 2007, the government filed a Motion to Amend Judgment in which it requests the Court to amend the Judgment in this matter to provide for a schedule of payments of restitution during the period of Soroka's incarceration.

3 - OPINION AND ORDER

## DISCUSSION

The government asserts the Court has authority to amend the restitution requirement in the Judgment pursuant to 18 U.S.C. § 3664(k).[1]

Section 3664(k) provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Section 3664(o) provides in pertinent part: "A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that-- (1) such a sentence can subsequently be . . . (D) adjusted under section 3664(k)."

Soroka contends the Court does not have jurisdiction to amend the Judgment pursuant to § 3664(k) because his "economic circumstances" have not changed.

---

[1] In its initial Motion, the government also asserted the Court has the authority to amend the Judgment pursuant to § 3664(n). Section 3664(o), however, does not list § 3664(n) as a means to amend a judgment, and the government appears to have dropped this argument in its Reply.

4 - OPINION AND ORDER

In *United States v. Vega,* the defendant moved to amend his judgment to change or to reduce his restitution payments. The court declined to do so on the ground that:

> [The defendant has] not shown a material change in his economic circumstances. [The defendant] alleged in his original motion that he is unable to work due to medical conditions. But the Court was aware of Defendant's medical conditions when it sentenced him. Because [the defendant] has not shown a change in circumstances affecting his ability to pay restitution, 18 U.S.C. § 3664(k) does not provide a vehicle through which [the defendant] may seek adjustment of the restitution order.

No. CR04-0413MJP, 2007 WL 1655229, at *1 (W.D. Wash. June 6, 2007).

In *United States v. Oseguera,* the defendant's restitution payments were scheduled to increase from $25 per month to $50 per month. The defendant sought an order to maintain his restitution payments at $25 per month. No. CR03-5638FDB, 2006 WL 851247, at *1 (W.D. Wash. Mar. 30, 2006). The defendant remained at the same inmate job that he had before the increase and did not establish any change in his economic circumstances. The court denied the defendant's request on the ground that "[d]efendant has failed to demonstrate any material change in his financial circumstances warranting an adjustment in the payment schedule." *Id.*, at *2.

Here Soroka's present financial status is not any different from that which the Court contemplated when it imposed

restitution; *i.e.*, Soroka does not earn more money at his prison job nor has he come into money from an outside source. *Compare*, *United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003)(allowed modification of restitution to the extent the restitution would become payable only if the defendant received income from the sale of his account of the events of the crime); *United States v. Tencer*, 986 F. Supp. 361 (E.D. La. 1997)(court modified the defendant's restitution order to require him to apply funds he would receive from release of his previously-seized money market account directly to payment of restitution because the release of funds was a material change in his economic circumstances).

The relevant inquiry is whether there has been a material change in Soroka's ability to pay after the Court ordered restitution. The Court concludes there has not been a material change in Soroka's ability to pay restitution, and, therefore, § 3446(k) does not apply.

Accordingly, the Court denies the government's Motion to Amend Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** the government's Motion

6 - OPINION AND ORDER

to Amend Judgment (#20).

IT IS SO ORDERED.

DATED this 30th day of August, 2007.

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER